No. 23-60167

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

_____

ILLUMINA, INC. AND GRAIL, INC.,
*Petitioners*,

v.

FEDERAL TRADE COMMISSION
*Respondent*.

_____

# FEDERAL TRADE COMMISSION'S RESPONSE TO ILLUMINA'S MOTION TO EXCEED WORD LIMITS AND CROSS-MOTION TO REMOVE CASE FROM EXPEDITED CALENDAR AND FOR EXTENSION OF TIME

_____

ANISHA S. DASGUPTA
   *General Counsel*

JOEL MARCUS
   *Deputy General Counsel*

MATTHEW M. HOFFMAN
   *Attorney*

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
(202) 326-3097
mhoffman@ftc.gov

On April 18, the Court expedited this case based on the representation by petitioners Illumina, Inc. and GRAIL, Inc. (collectively, "Illumina") that the Federal Trade Commission order under review was barring them from completing their merger. Since then, however, Illumina's rationale for expediting this case has evaporated. On April 24, the Commission granted Illumina's request for an unqualified stay of the order pending issuance of this Court's mandate. That action removed any FTC-imposed barrier to Illumina and Grail's completion of the merger. In light of these developments, the FTC respectfully requests that this case be removed from the expedited calendar.

In conjunction with that request, the FTC also seeks a Level 1 extension of 30 days (from June 26 to July 26) to file its opposition brief. As Illumina's motion to exceed the standard word limits makes clear, this case presents "a variety of issues of considerable importance," including "novel antitrust" issues, and involves a "voluminous" administrative record. Mot. 1, 3. Moreover, Illumina plans to raise so many substantive antitrust and constitutional issues that they apparently cannot all fit within a standard-size brief. Under these circumstances, there is good cause for an extension because the 21 days allotted under the current briefing schedule will not give the FTC enough time to adequately respond to all of Illumina's arguments. Forcing the FTC to address such a complex matter within this compressed time frame will be highly prejudicial to the agency. Furthermore, the

FTC respectfully suggests that the Court and the public interest will be better served if all parties have an adequate opportunity to brief the many issues in this case.

In the alternative, if the Court decides to keep this case on an expedited track, then the FTC respectfully requests a 21-day extension (from June 26 to July 17) to file its opposition brief. That would make Illumina's brief due on August 1, which is more than a week before the Court's tentatively scheduled argument date of August 9. That modest extension will reduce the prejudice to the FTC while still allowing sufficient time to hear argument as scheduled, without any delay in the ultimate outcome of this case.[1]

## BACKGROUND

The Commission instituted this proceeding to determine whether Illumina's acquisition of Grail would violate Section 7 of the Clayton Act, which forbids mergers "the effect of [which] may be substantially to lessen competition." 15 U.S.C. § 18. Grail is one of several companies engaged in a race to develop and commercialize a multi-cancer early detection ("MCED") blood test, which can be used to detect several types of cancer in asymptomatic individuals. All MCED test developers rely on next-generation gene sequencing ("NGS") platforms manufactured by Illumina. The transaction raises antitrust concerns because a

---

[1] Illumina does not consent to the requested relief.

merged Illumina-Grail entity would have the ability and an incentive to favor Grail over rival MCED test developers, diminishing competition in an emerging market for a potentially lifesaving technology.

While the Commission proceedings were pending, Illumina completed its purchase of Grail. However, the European Commission ("EC"), which is also investigating the antitrust implications of the merger, has ordered Illumina to hold Grail as a separate entity. Illumina has challenged the EC's jurisdiction in a proceeding before the European Court of Justice ("ECJ"), and has represented to this Court that it does not expect a decision from the ECJ before the end of this year at the earliest. Mot. To Expedite at 5. As a result of the EC order, Illumina and Grail are currently unable to fully combine operations.

In the FTC case, an Administrative Law Judge conducted a multi-week trial that produced a voluminous record, including testimony from 56 fact witnesses and 10 expert witnesses and more than 4,500 exhibits. Based on a *de novo* review of that record, the Commission unanimously (by a 4-0 vote) determined that the merger violated the Clayton Act because it may substantially lessen competition in the market for research, development, and commercialization of MCED tests. The Commission accordingly ordered Illumina to divest Grail and imposed interim restrictions (including a hold-separate requirement) to protect competition in the meantime. The Commission's reasoning is set forth in a 98-page single-spaced

opinion. Commissioner Christine Wilson issued a separate concurring opinion, endorsing both the Commission's factual analysis and the Commission's conclusion that the merger is illegal.

Illumina petitioned for review in this Court and moved to expedite the proceedings, arguing that the Commission's decision was impeding its ability to merge operations with Grail. *See* Mot. To Expedite at 10. Illumina acknowledged that the EC's order currently precludes it from integrating with Grail, but noted that those restrictions "will be lifted immediately" if it prevails before the ECJ. *Id.* at 5.

On April 18, the Court granted the motion to expedite by a 2-1 vote. By a separate order, it imposed the briefing schedule Illumina requested. Under that schedule, Illumina's opening brief is due on June 5, which is 66 days after the Commission's decision (March 31) and 61 days after Illumina's filing of the petition for review (April 5). The Commission's response brief is due just 21 days later, on June 26. Illumina's reply brief is due 15 days later, on June 11.

While the motion to expedite was pending before this Court, Illumina asked the Commission to stay the cease-and-desist order. On April 24, the Commission stayed the order until this Court issues its mandate. On May 30, the Court tentatively scheduled oral argument for August 9, 2023.

## DISCUSSION

I. **THE FTC TAKES NO POSITION ON ILLUMINA'S REQUEST FOR ADDITIONAL WORDS.**

Illumina argues that it cannot adequately brief this matter in the 13,000 words allotted by the Federal Rules of Appellate Procedure and that the parties should therefore be granted an extra 3000 words for their principal briefs (and 1500 additional words for Illumina's reply). The FTC takes no position on this request. We agree with Illumina that this is a complex case in light of the size and detail of the record and the length of the Commission's opinion. But a significant amount of complexity also arises from the sheer number of issues Illumina proposes to raise. In its motion to expedite, Illumina identified no fewer than four distinct constitutional issues and another four substantive antitrust issues that it plans to argue. Mot. to Expedite at 7-10. While Illumina is certainly free to make whatever legal arguments it deems appropriate, the parties and the Court might be better served if Illumina pruned its list of issues, rather than trying to rehash every issue it raised in the administrative proceedings.[2] Doing so might obviate

---

[2] Some of the arguments Illumina outlined in the motion to expedite are plainly barred by controlling Supreme Court precedent. For example, the argument that structure of the Commission is unconstitutional because the Commissioners are subject to removal only for good cause is foreclosed by *Humphrey's Executor v. United States*, 295 U.S. 602 (1935), and its argument that it violates due process to have prosecutorial and adjudicative functions combined within the same agency is barred by *Withrow v. Larkin*, 421 U.S. 35 (1975). While we understand that Illumina may wish to preserve these arguments for potential Supreme Court review, it does not need many words for that limited purpose.

Illumina's perceived need for additional words. That said, the FTC does not object to the parties filing extra-long briefs as long as both sides have the same word limit. If the request is granted, however, that heightens the need to extend the FTC's briefing schedule, as discussed below.

**II.    THE COURT SHOULD REMOVE THIS CASE FROM THE EXPEDITED CALENDAR AND GRANT THE FTC A 30-DAY EXTENSION TO FILE ITS BRIEF.**

Regardless of whether the Court grants Illumina's request for additional words, it should remove this case from the expedited calendar and grant the Commission a 30-day extension of time to file its brief.

1.    <u>In Light of the Commission's Stay of the Cease-and-Desist Order, There Is No Longer Any Need for Expedition</u>. Illumina's argument for expediting this case was that the Commission's cease-and-desist order precluded it from completing its merger with Grail. Illumina filed the request for expedited treatment in this Court before the Commission had a chance to rule on Illumina's request for a stay of that order, which was filed only a day earlier. But when the Commission granted Illumina's request for a stay, the order ceased to have any current effect on Illumina and Grail's operations or their ability to merge. The only remaining barrier to the merger is the EC order, which will not be affected by these proceedings. Since the initial justification for expediting this case no longer exists,

and the Commission is not preventing Illumina from completing the merger, there is no reason for the Court to keep this case on an expedited track.

2. <u>The FTC Will Be Severely Prejudiced Absent an Extension</u>. Illumina concedes that this is a highly complex case—so complicated, Illumina claims, that it cannot brief the issues within the ordinary word limits. Illumina's own position proves that the current briefing schedule is inadequate for the FTC to prepare a fully considered brief that will best assist the Court in the resolution of the many issues Illumina plans to present here. Given the size of the record and the number and complexity of Illumina's proposed issues, 21 days after seeing Illumina's brief for the first time is not enough time. This is especially true because the FTC's appellate staff will need to incorporate input from a large number of agency officials—including the Chair of the Commission, the Director of the Bureau of Competition, and the General Counsel—whose views are vital to establishing the agency's position in this important matter. The difficulty will be even greater if the Court grants Illumina's request for extra words. On top of that, at least four *amici* plan to file briefs supporting Illumina, all of which the FTC will have to analyze and potentially respond to. Under these extraordinary circumstances, and given the Commission's decision to stay its order without qualification, a 30-day extension is reasonable.

Although Illumina addresses the FTC's request for an extension on the last page of its motion, it has not identified any way in which it will be prejudiced if the FTC receives a 30-day extension. Instead, Illumina argues that the scheduling issue was forever settled when the Court granted expedition. But again, the rationale for expediting this case ceased to exist when the Commission granted Illumina's request for an unqualified stay, and the FTC will be significantly prejudiced if it is not afforded adequate time to prepare its opposition briefs.

Illumina also argues that "[t]he FTC has briefed the issues to be presented on three separate occasions over the last 18 months. Mot. 5. But Illumina will presumably reframe the issues in light of the Commission's decision and the applicable standards of review, supported by new authorities. The FTC has not seen those revamped arguments and needs a reasonable opportunity to respond. Furthermore, we note that despite claiming that there is an extraordinary urgency to this case, Illumina sought and received 61 days from the filing of its petition (65 days from the date of the Commission decision) to file its opening brief, even though it also filed many previous briefs at the administrative level.

### III. IN THE ALTERNATIVE, IF THE CASE REMAINS EXPEDITED, THE FTC SHOULD BE GRANTED A 21-DAY EXTENSION.

If the Court decides to keep the case on an expedited track, with oral argument scheduled for August 9, then the FTC should be granted a 21-day extension of time to file its opposition brief for all the reasons stated above. With

9

that extension, the FTC's brief would be due on July 17, 2023, and Illumina's reply brief would be due on August 1, 2023—more than a week before the tentative argument date.[3] Since this extension would not require the Court to move the argument date, it will not delay the ultimate disposition of this case at all. Nor will it delay Illumina's ability to complete the merger: Illumina and Grail are barred from combining operations while the EC's hold-separate order remains in effect, and as noted above Illumina previously represented to the Court that it does not expect a decision from the ECJ regarding that order until late this year or early next year. Moreover, Illumina will still have the same 15 days for its reply brief that it has under the existing schedule. Thus the requested extension will not conceivably prejudice Illumina in any way, and it will significantly ameliorate the prejudice to the FTC caused by the existing schedule.

---

[3] Alternatively, if the Court needs more time after the reply brief is filed to prepare for oral argument, it could grant a 14-day extension, such that the FTC's brief would be due July 10, and Illumina's reply brief would be due July 25. But for all of the reasons discussed above, the FTC respectfully requests an extension of no less than 21 days.

10

## CONCLUSION

The Court should grant or deny Illumina's request for additional words as it deems appropriate. Regardless of how it rules on that request, it should remove this case from the expedited calendar and grant the FTC's request for a 30-day extension of time (until July 26, 2023) to file an opposition brief, or in the alternative, grant the FTC a 21-day extension of time until July 17, 2023 (or such other extension of time as it deems appropriate) to file an opposition brief.

                                Respectfully submitted,

                                ANISHA S. DASGUPTA
                                  *General Counsel*

                                JOEL MARCUS
                                    *Deputy General Counsel*

May 30, 2023                         /s/ Matthew M. Hoffman
                                MATTHEW M. HOFFMAN
                                    *Attorney*

                                FEDERAL TRADE COMMISSION
                                600 Pennsylvania Avenue, N.W.
                                Washington, D.C. 20580
                                (202) 326-3097

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing response complies the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 2251 words. It complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) and 5th Cir. R. 32.1 because the text is in 14-point Times New Roman type and the footnotes are in 12-point Times New Roman type.

May 30, 2023                           /s/ *Matthew M. Hoffman*
                                       Matthew M. Hoffman