No. 23-60167

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

_____

ILLUMINA, INC. AND GRAIL, INC.,
*Petitioners*,

v.

FEDERAL TRADE COMMISSION
*Respondent*.

_____

# FEDERAL TRADE COMMISSION'S REPLY IN SUPPORT OF CROSS-MOTION TO REMOVE CASE FROM EXPEDITED CALENDAR AND FOR EXTENSION OF TIME

_____

ANISHA S. DASGUPTA
   *General Counsel*

JOEL MARCUS
   *Deputy General Counsel*

MATTHEW M. HOFFMAN
   *Attorney*

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
(202) 326-3097
mhoffman@ftc.gov

Although it previously refused to consent to any extension of the FTC's deadline to file its opposition brief, Illumina now states that it does not object to an extension of at least 14 days. Opp. 3, 8. The parties are thus in agreement that some extension is appropriate; the only question is how long it should be. Given the extreme complexity and importance of this case—which Illumina itself cited as its justification for seeking to file an extra-long brief—the FTC's request for a 30-day extension is reasonable and should be granted.[1] To accommodate that request, the Court should either remove this case from the expedited calendar or postpone the oral argument currently scheduled for August 9 by a few weeks. In the alternative, the Court should at the very least grant a 21-day extension. Both the Court and the public interest will be better served if the FTC is given a full and fair opportunity to respond to the many issues Illumina plans to raise.

Illumina's only argument against giving the FTC a 30-day extension is that the Court previously expedited this case and has now set a tentative argument date. But Illumina has not shown any convincing reason why this case needs to remain on an expedited track at all, much less how it would be harmed by a delay of a few weeks. Illumina argues that the case needs to be expedited so that it can complete its merger and integrate operations with Grail as soon as possible. Opp. 4-6. But

---

[1] Illumina's suggestion that an overlength brief benefits the FTC because Illumina and Grail could otherwise file two briefs of 13,000 words each is disingenuous. Illumina and Grail have identical interests and filed a joint petition for review and joint briefs before the Commission.

because the Commission has stayed its order without qualification, it is not preventing Illumina and Grail from completing the merger. The only thing standing in Illumina's way is the European Commission's hold-separate order, which Illumina has challenged in the European Court of Justice. Illumina now indicates that it expects the ECJ to issue a decision by early 2024, but if the ECJ rules in Illumina's favor before then, Illumina and Grail will be free to merge. Since the Commission is not preventing Illumina and Grail from completing the merger, there is no need to keep this case on an expedited track and no reason not to grant the FTC the full 30 days it needs to adequately respond to Illumina's arguments.[2]

The Commission has no desire to delay the Court's decision unnecessarily. Our sole concern is to ensure that the Commission is given enough time to properly respond to all of the many arguments Illumina plans to raise in this case. If the Court prefers to keep the case on an expedited track, it could accommodate the FTC's request for a 30-day extension by postponing the August 9 argument for

---

[2] Contrary to Illumina's argument (Opp. 5), merely raising a constitutional argument does not amount to irreparable harm or justify expedited treatment. Illumina cites *Elrod v. Burns*, 427 U.S. 347 (1976), and *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328 (5th Cir. 1981), but neither case supports Illumina's argument Mot. 15. *Elrod* holds that "[t]he loss of First Amendment freedoms … unquestionably constitutes irreparable injury," 427 U.S. at 373 (emphasis added), while *Deerfield Medical* applied that principle to a deprivation of the constitutional right to privacy, 661 F.2d at 338. Illumina has not alleged any loss of First Amendment freedoms, privacy rights, or comparable individual liberties. And in any event, no harm is occurring to Illumina now because the order has been stayed.

a few weeks.[3] Such a minor delay could not possibly cause any prejudice to Illumina, especially in light of the Commission's stay of its order.

In the alternative, if the Court decides to keep the case on an expedited track with an August 9 argument date, it should grant the FTC a 21-day extension to file its brief. Illumina states that it has no objection to a "modest extension of [the FTC's] deadline to submit a responsive brief—say 14 days." Opp. 3. But Illumina offers no reason why the FTC should not receive a 21-day extension, which could be done without changing the argument date. Accordingly, if the Court does not grant a 30-day extension (which is warranted for all the reasons discussed above), it should at the very least grant a 21-day extension.

Respectfully submitted,

ANISHA S. DASGUPTA
   *General Counsel*

JOEL MARCUS
   *Deputy General Counsel*

May 31, 2023

/s/ Matthew M. Hoffman
MATTHEW M. HOFFMAN
   *Attorney*

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, N.W.
Washington, D.C. 20580
(202) 326-3097

---

[3] The FTC could be available for argument in late August or early September.

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing complies the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 761 words. It complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) and 5th Cir. R. 32.1 because the text is in 14-point Times New Roman type and the footnotes are in 12-point Times New Roman type.

May 31, 2023 /s/ *Matthew M. Hoffman*
Matthew M. Hoffman