No. 23-60167

IN THE

# United States Court of Appeals
FOR THE FIFTH CIRCUIT

ILLUMINA, INC. AND GRAIL, INC.,

*Petitioners,*

v.

FEDERAL TRADE COMMISSION,

*Respondent.*

PETITION FOR REVIEW OF
AN ORDER OF THE FEDERAL TRADE COMMISSION

## PETITIONERS' MOTION TO FILE DECISIONS BELOW UNDER SEAL

SUBMITTED BY:

David R. Marriott
Christine A. Varney
Antony L. Ryan
Sharonmoyee Goswami
Michael J. Zaken
Jesse M. Weiss
Benjamin A. Atlas
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
Worldwide Plaza
New York, NY 10019
Telephone: (212) 474-1000

Gregory G. Garre
Michael G. Egge
Marguerite M. Sullivan
Anna M. Rathbun
David L. Johnson
LATHAM & WATKINS LLP
555 Eleventh Street NW
Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200

Alfred C. Pfeiffer
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600

June 5, 2023

# **CERTIFICATE OF INTERESTED PERSONS**

*Illumina, Inc. v. Federal Trade Commission*, No. 23-60167

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR. Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| | |
|---|---|
| **Respondent:** | **Counsel for Respondent:** |
| Federal Trade Commission | Matthew M. Hoffman |
| | FEDERAL TRADE COMMISSION |
| | 600 Pennsylvania Ave., NW |
| | Washington, D.C. 20580 |
| | Telephone: (202) 326-3097 |
| | mhoffman@ftc.gov |
| | |
| **Petitioners:** | **Counsel for Petitioners:** |
| Illumina, Inc. | David R. Marriott |
| | Christine A. Varney |
| | Antony L. Ryan |
| | Sharonmoyee Goswami |
| | Michael J. Zaken |
| | Jesse M. Weiss |
| | Benjamin A. Atlas |
| | CRAVATH, SWAINE & MOORE LLP |
| | 825 Eighth Avenue |
| | Worldwide Plaza |
| | New York, NY 10019 |
| | Telephone: (212) 474-1000 |
| | Facsimile: (212) 474-3700 |

| | |
|---|---|
| GRAIL, LLC | Gregory G. Garre<br>Michael G. Egge<br>Marguerite M. Sullivan<br>Anna M. Rathbun<br>David L. Johnson<br>LATHAM & WATKINS LLP<br>555 Eleventh Street NW<br>Suite 1000<br>Washington, D.C. 20004<br>Telephone: (202) 637-2200<br><br>Alfred C. Pfeiffer<br>LATHAM & WATKINS LLP<br>505 Montgomery Street<br>Suite 2000<br>San Francisco, CA 94111-6538<br>Telephone: (415) 391-0600 |

**Other Interested Parties:**
Illumina, Inc. has outstanding securities in the hands of the public, but no parent companies, subsidiaries, affiliates, or public companies own at least 10% of Illumina, Inc.'s stock.

/s/ *David R. Marriott*
David R. Marriott
Christine A. Varney
Antony L. Ryan
Sharonmoyee Goswami
Michael J. Zaken
Jesse M. Weiss
Benjamin A. Atlas
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
*Attorneys for Petitioner Illumina, Inc.*

/s/ *Gregory G. Garre*
Gregory G. Garre
Michael G. Egge
Marguerite M. Sullivan
Anna M. Rathbun
David L. Johnson
LATHAM & WATKINS LLP
555 Eleventh Street NW
Suite 1000
Washington, D.C. 20004
(202) 637-2200

Alfred C. Pfeiffer
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
(415) 391-0600
*Attorneys for Petitioner GRAIL, LLC*

The above-captioned case is a petition for review from the Federal Trade Commission's decision in *In re Illumina, Inc. and GRAIL, Inc.*, No. 9401. The Commission's decision, as well as the Initial Decision issued by Chief Administrative Law Judge Chappell, contain narrowly tailored redactions that protect competitively sensitive and proprietary information. Pursuant to this Court's Rule 25.2.8, Petitioners Illumina, Inc. ("Illumina") and GRAIL, Inc. (now known as GRAIL, LLC) ("Grail", and with Illumina, "Petitioners") move for permission to file unredacted copies of those opinions under seal and redacted copies on the public docket. Petitioners have conferred with the FTC, and the FTC does not object to Petitioners' request.

## **BACKGROUND**

In March 2021, the FTC issued an administrative complaint seeking to block Illumina's re-acquisition of Grail. An extensive discovery period followed, before the ALJ commenced an exhaustive five-week trial beginning in August 2021. The ALJ heard from 66 witnesses and received more than 4,500 exhibits into evidence.

Prior to and during the hearing, Petitioners moved for *in camera* treatment of certain exhibits that the parties planned to enter into evidence. *See* Illumina Aug. 30, 2021 *In Camera* Motion, No. 9401, Doc. No. 602450; Grail Aug. 30, 2021 *In Camera* Motion, No. 9401, Doc. No. 602452; Illumina Sept. 8, 2021 *In Camera* Motion, No. 9401, Doc. No. 602528; Grail Sept. 9, 2021 *In Camera* Motion,

No. 9401, Doc. No. 602542. Petitioners each explained that the listed documents contained competitively sensitive information, including information about: (1) financial and sales projections; (2) pricing strategy; (3) deliberations regarding potential mergers, acquisitions, or investments or other strategic initiatives; (4) research and development efforts; (5) regulatory strategy; and (6) third-party customer data regarding supply and licensing agreements. *Id.* Illumina and Grail each filed a declarations from members of their respective legal departments, who explained why it was necessary to keep the documents at issue confidential. *Id.*

Judge Chappell granted Petitioners' respective motions. He found that both Illumina and Grail "met [their respective] burden of demonstrating that the documents in these categories are sufficiently secret and sufficiently material to [their respective] business[es] that disclosure would result in serious competitive injury." *See* Order on Illumina's *In Camera* Motion at 2, No. 9401 (F.T.C. Sept. 3, 2021), Doc. No. 602507; Order on Grail's *In Camera* Motion at 2, No. 9401 (F.T.C. Sept. 3, 2021), Doc. No. 602509. Judge Chappell then discussed each category of documents at issue, found that the documents in each merited confidential treatment, and set deadlines upon which each category of documents would become public. Doc. No. 602507 at 2; Doc. No. 602509 at 2-3; *see also* Order on Illumina's *In Camera* Motion, No. 9401 (F.T.C. Aug. 12, 2021), Doc. No. 602276 (describing confidentiality standard).

After the confidentiality issues were resolved, Judge Chappell issued a detailed Initial Decision ruling in Petitioners' favor. Consistent with his confidentiality decision, Judge Chappell redacted portions of the Initial Decision that referred to confidential information. *See* Initial Decision, No. 9401 (F.T.C. Sept. 22, 2022). The FTC appealed, and the Commission reversed, entering judgment for the FTC. *See* Commission Decision, No. 9401 (F.T.C. April 3, 2023). The Commission also redacted the portions of its opinion that referred to confidential information. *Id.*

## ARGUMENT

Judge Chappell and the Commission properly redacted their decisions in order to protect Petitioners' sensitive information.[1] This Court should uphold their decisions and allow Petitioners to file the unredacted versions of both opinions under seal, along with redacted copies on the public docket. Such an order would be consistent with this Court's treatment of ALJ and Commission decisions in prior

---

[1] The Initial Decision and Commission Decision also redacted third-party confidential information for which Judge Chappell granted *in camera* treatment. Order on Non-Parties' Motions for *In Camera* Treatment, No. 9401 (F.T.C. Aug. 19, 2021), Doc. No. 602370. For purposes of this motion, Petitioners take no position as to whether such information was properly sealed, but move to file that information under seal pursuant to Petitioners' obligations under Commission Rules. *See id.* at 12 ("All of the documents for which *in camera* treatment has been granted shall also be treated as confidential under the Protective Order"); Appendix A to 16 C.F.R. § 3.31: Standard Protective Order ¶ 7 (restricting disclosure of confidential information).

appeals of FTC decisions. *See* Order, *Impax Lab'ys, Inc. v. FTC*, No. 19-60394 (5th Cir. Oct. 8, 2019), Doc. 25.

Because "[t]he decision whether to allow public access to court records is one best left to the sound discretion of the trial court," this Court reviews those decisions "for abuse of discretion." *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (citations omitted). There is a "presumption in favor of the public's common law right of access to court records." *Id.* (citations omitted). But a "party's interest in having [those records] sealed" can "outweigh[] the public's interest in open access," particularly when the records at issue "are sources of business information that might harm a litigant's competitive standing." *Dish Network, LLC v. WLAJ-TV, LLC*, No. CV 16-0869, 2017 WL 1333057, at *2 (W.D. La. Apr. 3, 2017) (citations omitted); *see also N. Cypress Med. Ctr. Op. Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) ("[S]ealing may be appropriate where orders incorporate confidential business information." (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Accordingly, Courts in the Fifth Circuit routinely "seal[] documents to prevent the disclosure of confidential business information." *Dish*, 2017 WL 133057, at *2 (collecting cases); *see also Conn Credit I, LP v. TF LoanCo III, LLC*, 2016 WL 8231153, at *1 (E.D. Tex. May 9, 2016) (sealing business information).

Judge Chappell "appl[ied] the proper legal standard" and gave "sufficient reasons" for deciding to grant Petitioners' requests to have a limited set of information treated as confidential. *Vantage Health*, 913 F.3d at 451. Relying on extensive FTC case law, he explained that Petitioners had to show "that the public disclosure of the documentary evidence will result in a clearly defined, serious injury." *E.g.*, Order on Illumina's *In Camera* Motion, No. 9401 (F.T.C. Aug. 12, 2021), Doc. No. 602276. He then applied that standard to each category of documents for which Petitioners sought confidential treatment, finding that Petitioners had met their respective burdens to demonstrate a basis for keeping each piece of evidence under seal. *See* Order on Illumina's *In Camera* Motion at 2, No. 9401 (F.T.C. Sept. 3, 2021), Doc. No. 602507; Order on Grail's *In Camera* Motion at 2, No. 9401 (F.T.C. Sept. 3, 2021), Doc. No. 602509; Order on Non-Parties' Motions for *In Camera* Treatment, No. 9401 (F.T.C. Aug. 19, 2021), Doc. No. 602370. To balance the public's right of access, he put specific time limits on each confidentiality designation. *Id.* The redactions in both Judge Chappell's opinion and the FTC's opinion reflect those reasoned decisions.

Redacting the opinions below was the right call. As Petitioners explained to Judge Chappell, the categories of documents for which Petitioners sought confidential treatment contain information that Petitioners keep secret to avoid significant competitive harm. Specifically, Petitioners protect their

5

respective (1) financial and sales projections; (2) pricing strategies; (3) deliberations regarding potential mergers, acquisitions, or investments or other strategic initiatives; (4) research and development efforts; and (5) regulatory strategy in order to prevent competitive harm.  *See* Illumina Aug. 30, 2021 *In Camera* Motion, No. 9401, Doc. No. 602450; Grail Aug. 30, 2021 *In Camera* Motion, No. 9401, Doc. No. 602452; Illumina Sept. 8, 2021 *In Camera* Motion, No. 9401, Doc. No. 602528; Grail Sept. 9, 2021 *In Camera* Motion, No. 9401, Doc. No. 602542.  Petitioners also have an obligation to keep third-party customer data regarding supply and licensing agreements confidential.  *Id.*  On these facts, Judge Chappell was correct to find that the documents at issue warranted confidential treatment.  The redactions to both his opinion and the Commission's opinion were a natural extension of that decision.

## **CONCLUSION**

This Court should grant Petitioners permission to file unredacted copies of the decisions below under seal and the redacted copies on the public docket.

Dated:  June 5, 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ *David R. Marriott*
　　　　　　　　　　　　　　　　　　　David R. Marriott
　　　　　　　　　　　　　　　　　　　Christine A. Varney
　　　　　　　　　　　　　　　　　　　Antony L. Ryan
　　　　　　　　　　　　　　　　　　　Sharonmoyee Goswami
　　　　　　　　　　　　　　　　　　　Michael J. Zaken
　　　　　　　　　　　　　　　　　　　Jesse M. Weiss
　　　　　　　　　　　　　　　　　　　Benjamin A. Atlas
　　　　　　　　　　　　　　　　　　　CRAVATH, SWAINE & MOORE LLP
　　　　　　　　　　　　　　　　　　　Worldwide Plaza
　　　　　　　　　　　　　　　　　　　825 Eighth Avenue
　　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　　Telephone:  (212) 474-1000

　　　　　　　　　　　　　　　　　　　*Counsel for Petitioner Illumina, Inc.*

/s/ *Gregory G. Garre*
Gregory G. Garre
Michael G. Egge
Marguerite M. Sullivan
Anna M. Rathbun
David L. Johnson
LATHAM & WATKINS LLP
555 Eleventh Street NW
Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200

Alfred C. Pfeiffer
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600

*Counsel for Petitioner GRAIL, LLC*

## **CERTIFICATE OF CONFERENCE**

Pursuant to Fifth Circuit Rule 27.4, I certify that on June 4, 2023, counsel for Illumina contacted counsel for Appellee Federal Trade Commission. Mr. Hoffman responded that Respondents consented to the motion.

Dated:  June 5, 2023                                  /s/  *David R. Marriott*
                                                                David R. Marriott

                                                                *Counsel for Petitioner Illumina, Inc.*

## **CERTIFICATE OF SERVICE**

This is to certify that the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on June 5, 2023, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

/s/ *David R. Marriott*
David R. Marriott

*Counsel for Petitioner Illumina, Inc.*

# **CERTIFICATE OF COMPLIANCE**

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure and Fifth Circuit Rule 32.1:

this document contains 1,330 out of the allotted 5,200 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5), and Fifth Circuit Rule 32.1 and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because:

this document has been prepared in a proportionally spaced typeface using Microsoft 365 MSO (Version 2208) with Times New Roman font, regular typeface and font size 14.

/s/ *David R. Marriott*
David R. Marriott

*Counsel for Petitioner Illumina, Inc.*