No. 23-60167

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

―――――――――――――――――――――――――

ILLUMINA, INC. AND GRAIL, INC.,
*Petitioners*,

v.

FEDERAL TRADE COMMISSION
*Respondent*.

―――――――――――――――――――――――――

## FEDERAL TRADE COMMISSION'S UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF UNDER SEAL

―――――――――――――――――――――――――

ANISHA S. DASGUPTA
　*General Counsel*

MATTHEW M. HOFFMAN
　*Attorney*

FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Washington, D.C. 20580
(202) 326-3097
mhoffman@ftc.gov

The Federal Trade Commission respectfully moves under Fifth Circuit Rule 25.2.8 for leave to file its brief in this matter under seal to protect the confidentiality of information and exhibits that were granted *in camera* treatment in the underlying agency proceeding. If the motion is granted, the FTC will file a public version of its brief that redacts any confidential information. Petitioners do not oppose this request.

In support of the motion, the FTC states as follows:

1. In this case, petitioners Illumina, Inc. and GRAIL, Inc., seek review of an order of the Federal Trade Commission that was entered following a multi-week trial before an administrative law judge. The Commission's rules provide that materials that are offered into evidence may be granted *in camera* treatment if public disclosure of those materials "will likely result in a clearly defined, serious injury to the person, partnership, or corporation requesting *in camera* treatment or after finding that the material constitutes sensitive personal information." 16 C.F.R. § 3.45. Material that is subject to an *in camera* order is kept confidential and not placed upon the public record of the proceeding. *Id.*

2. Illumina, Grail, and various third parties requested in camera treatment for several exhibits. The ALJ granted *in camera* treatment for many of these materials finding that the moving party had shown that disclosure would likely result in a clearly defined, serious injury to the requesting party or that the materials constituted sensitive personal information. In accordance with the Commission's rules, both the Initial Decision of the ALJ and the Opinion of the Commission were also issued *in camera*, with redacted versions placed upon the public record.

3. The FTC's brief in this matter is due July 26, 2023. The brief contains references to material accorded *in camera* treatment in the Commission proceedings, including confidential information of Illumina and Grail and confidential information of third parties. To maintain the confidentiality of this material, the FTC seeks leave to file its brief under seal.

4. Although there is generally a presumption that materials filed in judicial proceedings should be available to the public, this Court has recognized that "sealing may be appropriate" for materials that "incorporate confidential business information." *Cypress Med. Ctr.*

*Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015); *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) ("[L]itigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants."). In this case, the ALJ carefully reviewed the materials as to which *in camera* treatment was requested and granted *in camera* treatment only as to those materials or portions of materials for which a proper showing was made under the Commission's rules. Accordingly, materials and information granted *in camera* treatment should remain under seal in this Court.

5. The Court has already recognized the need for sealing of materials that were granted *in camera* treatment in this case, On June 5, 2023, Illumina and Grail moved to file copies of the unredacted versions of both the Initial Decision and the Commission Opinion under seal. The Court granted that motion and sealed these record excerpts on June 14, 2023.

For the foregoing reasons, the Court should grant the motion, seal the Commission's brief, and direct the Commission to file a public version of its brief with *in camera* information redacted.

                    Respectfully submitted,

                    ANISHA S. DASGUPTA
                        *General Counsel*

July 26, 2023

                  /s/ Matthew M. Hoffman
                  MATTHEW M. HOFFMAN
                        *Attorney*

                  FEDERAL TRADE COMMISSION
                  600 Pennsylvania Avenue, N.W.
                  Washington, D.C. 20580
                  (202) 326-3097

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing response complies the type-volume limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 567 words. It complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and (a)(6) and 5th Cir. R. 32.1 because the text is in 14-point Century Schoolbook type.

July 26, 2023                                    /s/ *Matthew M. Hoffman*
                                                 Matthew M. Hoffman